MAX GRAB FASHION CO. v. SHEER.

(Supreme Court, Appellate Term, First Department. June 26, 1916.)

PRINCIPAL AND AGENT ⚛=123(1)—RELATIONS—SUFFICIENCY OF EVIDENCE.

In an action on a written contract providing for payment of a sum for the privilege of copying plaintiff's dress models, evidence *held* not to show the authority of defendant's son to sign the contract in his name, or to otherwise bind him.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 420; Dec. Dig. ⚛=123(1).]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by the Max Grab Fashion Company against Hyman Sheer. From a judgment in favor of plaintiff, after trial by judge without jury, defendant appeals. Reversed, and new trial granted.

Argued June term, 1916, before GUY, BIJUR, and PHILBIN, JJ.

Jacob Kirschenbaum, of New York City, for appellant.

Nordlinger & Charlton, of New York City (Robert H. Charlton, of Brooklyn, of counsel), for respondent.

BIJUR, J.   Plaintiff sued defendant on a written contract providing for the payment of $50 by defendant for the privilege of looking at and copying certain dress models. It is conceded that defendant never called for the models to be sent to his place of business for his use. The contract was signed in plaintiff's place of business by defendant's son, Martin, in defendant's name.

The only question litigated was the son's authority. The only witnesses called to prove the authority were the son and the father. Both denied the authority, claiming that the son was merely a salesman and bookkeeper for the father. Both denied that the father had any knowledge of this transaction until the claim was made upon him, at which time he repudiated it. There is not a scintilla of evidence to establish the authority, except the vague hint suggested in the fact that the son opened the mail and signed the father's name to the inquiry card which led to this transaction. But his authority to do that is similarly negatived.

While the learned judge below undoubtedly felt that an injustice had been done, and that the witnesses were not telling the truth, that conviction cannot take the place of the affirmative evidence, whether direct or by way of inference, necessary to establish the son's authority to sign the defendant's name, or to bind him otherwise in the premises.

Judgment reversed, and new trial granted, with $30 costs to appellant to abide the event. All concur.